372 So.2d 1222 (1979)
STATE of Louisiana
v.
Ivory CHOPIN, Jr.
No. 63907.
Supreme Court of Louisiana.
June 25, 1979.
*1223 Philip E. O'Neill, Gretna, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., P. Michael Cullen, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-respondent.
MARCUS, Justice.
Ivory A. Chopin, Jr. was charged by bill of information with possession of marijuana in violation of La.R.S. 40:966. After a bench trial, defendant was found guilty as charged and sentenced to pay a fine of one hundred dollars plus court costs and to serve three months in the parish prison. Execution of that part of the sentence consisting of imprisonment was suspended. Defendant's application to this court under our supervisory jurisdiction was granted.[1] He asserts three assignments of error. Finding merit in two of the assigned errors, we need not consider the remaining one.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends the trial judge erred in denying his motion to suppress physical evidence. He argues that the police officers detained and/or arrested him illegally; therefore, evidence seized as a result of the illegal detention and/or arrest was inadmissible.
At the suppression hearing, the state called Deputy Sam O'Quain.[2] He testified *1224 that at approximately 11:38 p. m. on July 7, 1978, he and his partner were patrolling the Westbank Expressway on the south service road. Upon approaching the intersection of Barrataria, the officers observed defendant walking along the south service road carrying a brown paper bag in his hand. Deputy O'Quain stated that, when defendant noticed the patrol car, he became "kind of nervous" and began to walk faster. As a result, he drove past defendant, turned his vehicle around and came back toward defendant, hit his bright lights and stopped three to four feet in front of defendant. At this point, defendant ran away from the patrol car and apparently dropped the brown paper bag. The officers pursued defendant, caught him, and placed him under arrest. Thereafter, defendant advised the officers that the paper bag he had dropped contained marijuana. The bag was subsequently retrieved and discovered to, in fact, contain marijuana. Deputy O'Quain testified that the area in which they observed defendant walking was not isolated; rather, it was well lit from stores located nearby. He further admitted that there were no warrants for defendant's arrest at the time; nor did he have any information that defendant was wanted for any crimes. Finally, he conceded that defendant was not committing a crime at the time he was observed walking by the officers.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La.Code Crim.P. art. 215.1, as well as both the federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Drew, 360 So.2d 500 (La.1978); State v. Robinson, 342 So.2d 183 (La.1977); State v. Perique, 340 So.2d 1369 (La.1976); State v. Dixon, 337 So.2d 1165 (La.1976); State v. Cook, 332 So.2d 760 (La.1976); State v. Rogers, 324 So.2d 403 (La.1975); State v. Jefferson, 284 So.2d 882 (La.1973). We have held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. State v. Drew, supra; State v. Robinson, supra; State v. Perique, supra; State v. Dixon, supra; State v. Cook, supra; State v. Weathers, 320 So.2d 892 (La.1975). The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Perique, supra; State v. Cook, supra; State v. Winesberry, 256 La. 523, 237 So.2d 364 (1970).
Where officers do not have the right to make the investigatory stop, property abandoned or otherwise disposed of as a result thereof cannot be legally seized by the police officers. State v. Ryan, 358 So.2d 1274 (La.1978); State v. Perique, supra; State v. Lawson, 256 La. 471, 236 So.2d 804 (1970). If, however, property is abandoned without any prior unlawful intrusion into a citizen's right of freedom from governmental interference, then such property may be lawfully seized. State v. Ryan, supra; State v. Perique, supra. In such cases, there is no expectation of privacy and thus no violation of a person's custodial rights. As we have previously held, "it is only when the citizen is actually stopped without reasonable cause or when that stop is imminent that the right to `be left alone' is violated," thereby rendering unlawful any resultant seizure of abandoned property. State v. Ryan, supra.
In the instant case, we conclude that Deputy O'Quain and his partner effected an intrusion upon defendant's right to be free from governmental interference when they swung the patrol car around into his *1225 path, switched on the bright lights, and braked not more than three or four feet in front of him. Such an approach clearly indicated that some form of official detention was imminent. Our evaluation of the record further convinces us that the evidence is devoid of any basis upon which these officers could have lawfully detained defendant at the time they observed him walking. The officers had no reason to have suspected that the accused had committed, was committing, or about to commit a crime. Deputy O'Quain freely admitted that he had received no information connecting defendant to any criminal activity and that defendant was not committing any crime at the time he observed defendant. Police officers are not entitled to stop at will any person in a well-lit, well-traveled area just because that person is walking along with a brown paper bag and becomes "kind of nervous" upon catching sight of a patrol car. Since the officers did not have the right to make an investigatory stop, the evidence abandoned by defendant as a result thereof could not have been legally seized by the officers. Accordingly, the trial judge erred in denying defendant's motion to suppress.

DECREE
For the reasons assigned, defendant's conviction and sentence are reversed and the case is remanded to the district court for further proceedings in accordance with law and views herein expressed.
SUMMERS, C. J., dissents.
DENNIS, J., concurs.
NOTES
[1] 368 So.2d 128 (La.1979).
[2] In determining whether the ruling on defendant's motion to suppress was correct, we are not limited to the evidence adduced at the hearing on the motion. We may consider all pertinent evidence given at the trial of the case. State v. Schmidt, 359 So.2d 133 (La.1978); State v. Stewart, 357 So.2d 1111 (La.1978); State v. Shivers, 346 So.2d 657 (La.1977); State v. Smith, 257 La. 1109, 245 So.2d 327 (1971); State v. Andrus, 250 La. 765, 199 So.2d 867 (1967). We have reviewed the pertinent evidence given at the trial of the instant case. This evidence presents substantially the same facts and circumstances surrounding the seizure at issue as was indicated by the testimony of the witness at the hearing on the motion to suppress. Since the evidence adduced at trial does not affect the result we reach in the instant case, our relation of the pertinent facts is based only upon the testimony given at the suppression hearing.