434 So.2d 389 (1983)
STATE of Louisiana
v.
Emerson E. ANDRISHOK, Jr.
Nos. 82-K-1059, 82-KA-2683.
Supreme Court of Louisiana.
June 27, 1983.
*390 Ferdinand J. Kleppner, Law Offices of Ferdinand J. Kleppner, Metairie, Maria I. O'Byrne Stephenson, Bryan, Nelson, Allen & Schroeder, New Orleans, for relator and defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John Craft, Kendall Green, Mary Charlotte McMullan, Asst. Dist. Attys., for respondent and plaintiff-appellee.
MARCUS, Justice.
Emerson E. Andrishok, Jr. was charged by separate informations with possession of lysergic acid diethylamide (LSD) in violation of La.R.S. 40:966(C) and with possession of marijuana in violation of then La. R.S. 40:967(C).[1] After denial of a motion to suppress physical evidence seized at the time of his arrest, defendant withdrew his former pleas of not guilty and entered pleas of guilty to both charges, reserving his right to appeal and/or seek review of the ruling in this court. Pursuant to La.R.S. 40:983, the trial judge placed defendant on probation for eighteen months on the condition that he pay a fine of $500 and court costs in connection with each conviction. The trial judge directed that the probation, fine and costs imposed for the LSD conviction be concurrent with that imposed for the marijuana conviction. We granted defendant's application for a writ of review in the marijuana case (No. 82-K-1059) and consolidated it with his appeal in the LSD case (No. 82-KA-2683).[2]
Defendant's sole assignment of error is that the trial judge erred in denying his motion to suppress the physical evidence seized at the time of his arrest.
Evidence adduced at the suppression hearing reveals that on Saturday, February 28, 1981, at about 9:00 p.m., during the Mardi Gras celebration, defendant and two male companions were standing on the corner of the 300 block of Royal and Conti Streets in the French Quarter. The area was well lit. At the same time, five police officers in plainclothes who had been assigned to patrol the French Quarter were walking toward the river and observed defendant and his companions. As they crossed the intersection of Conti and Royal Streets, they saw defendant take a small wound up clear plastic bag containing a brown vegetable matter and pass it to one *391 of his companions, Bernard Wade. There was testimony that defendant and his companions were "within an arm's reach" of the officers when defendant passed the bag to Wade. As one officer testified: "I was at a distance of two or three feet. I could almost reach out and touch him." Believing it to be marijuana, they immediately identified themselves as police officers. As they did so, Wade took the bag and threw it over his shoulder over an iron picket fence surrounding the Tourist Commission Office where it landed on a concrete patio in view of the officers. The officers ordered defendant's other companion to retrieve the bag. When it was returned, defendant and Wade were placed under arrest. Defendant was then searched and a small metal case containing two tabs of LSD was recovered from his person.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La.Code Crim.P. art. 215.1, as well as both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Chopin, 372 So.2d 1222 (La.1979). We have held that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Chopin, supra.
Where officers do not have the right to make an investigatory stop, property abandoned or otherwise disposed of as a result thereof cannot be legally seized by the police officers. If, however, property is abandoned without any prior unlawful intrusion into a citizen's right of freedom from governmental interference, then such property may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person's custodial rights. As we have previously held, "it is only when the citizen is actually stopped without reasonable cause or when that stop is imminent that the right to `be left alone' is violated," thereby rendering unlawful any resultant seizure of abandoned property. State v. Chopin, supra; State v. Ryan, 358 So.2d 1274 (La.1978).
When a lawful arrest is made on probable cause, a warrantless search incident thereto of the person and area in his immediate control is permissible. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Robinson, 342 So.2d 183 (La.1977).
In the instant case, the officers did not detain defendant until they saw him pass the plastic bag containing a brown vegetable matter which they believed to be marijuana to one of his companions (Wade). This occurred within their immediate view. At this point, the officers had at least reasonable cause to believe that defendant was engaged in criminal conduct. Hence, they had the right to stop and question him. Since the marijuana was abandoned without any prior unlawful intrusion into defendant's right of freedom from governmental interference, the marijuana was lawfully seized. Furthermore, the suspicious manner in which Wade disposed of the plastic bag containing what the officers believed to be marijuana clearly gave the officers probable cause to arrest defendant for possession of marijuana. Hence, defendant's arrest was lawful and the officers had a right to search him incident thereto. Therefore, the seizure of the LSD as a result of the search of defendant's person was legal.
In sum, the trial judge did not err in denying defendant's motion to suppress the evidence seized at the time of his arrest.

DECREE
For the reasons assigned, defendant's convictions and sentences are affirmed.
NOTES
[1] At the time of the commission of the offense, February 28, 1981, marijuana was classified under La.R.S. 40:964, Schedule II(A)(5), possession of which was a violation of La.R.S. 40:967(C). La.R.S. 40:964, Schedule II(A)(5) was repealed by La. Acts 1981, No. 800, § 4 (eff. Aug. 2, 1981); marijuana is now classified under La.R.S. 40:964, Schedule I(C)(22), possession of which is a violation of La.R.S. 40:966(C).
[2] 422 So.2d 427 (La.1982).