GUIDRY, Judge.
The defendant was charged with one count of attempted simple robbery, a violation of LSA-R.S. 14:27, 14:65, and two counts of armed robbery, a violation of LSA-R.S. 14:64. On July 19, 1983, the defendant filed a motion to suppress evidence seized from his person. After a hearing, the trial court granted the motion to suppress. The State applied for a writ of certiorari. We granted the writ to consider the correctness of the trial court’s suppression of the evidence.
On November 20, 1982, Officer Ken Gui-dry of the Lafayette City Police Department was conducting surveillance of a Texaco Self-Service station located on University Street in Lafayette. The station was being watched with particular care, as it had been the target of several armed robberies within the previous two weeks. The perpetrator of the robberies had been described to police as a middle aged black male, 5'8" tall, with a medium build and a well groomed, medium length Afro haircut. As Officer Guidry observed the station, he noticed the defendant at the rear of the station near the restrooms. The defendant met the description of the armed robbery suspect. There were no cars at the station at that time. Guidry became suspicious and decided to investigate.
When Guidry pulled into the station, the defendant, who had been walking in the direction of the patrol car, immediately turned away and walked back to the rear of the building. Guidry drove to the rear of the station, but did not see the defendant. He assumed that the defendant had gone into the restroom. Within two or three minutes, the defendant exited the restroom and began walking away from Guidry toward the street. At this point, Guidry alighted from his patrol car and ordered the defendant to place his hands on the front of the patrol car. He then conducted a pat down search of the defendant. In the course of the search, Guidry detected a large lump in the defendant’s rear pocket, and a portion of what appeared to be a nylon stocking hanging outside the pocket. Guidry removed the contents of the pocket, which contained a pair of ladies pantyhose with the legs tied together. At that point, Guidry asked the defendant for identification. Upon receiving it, Guidry checked with police headquarters to determine whether there were any outstanding warrants for the defendant. He was advised that a subject having the same name and fitting the same description had been arrested two months earlier for an armed robbery at the same location.
Guidry then called for assistance from another unit. Upon its arrival, Guidry searched the restroom from which the defendant had exited and found a .22 caliber revolver in a garbage can. The defendant was thereafter placed under arrest.
The only item of evidence sought to be suppressed is the pair of ladies pantyhose taken from the pocket of the defendant. The trial court granted the defendant’s motion, suppressing the evidence. In its only assignment of error, the State urges that the trial court erred in granting the motion.
LSA-C.Cr.P. 215.1 provides:
“A. A law enforcement officer may stop a person in a public place whom he reasonably believes is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions. (Emphasis added).
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably believes that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon.”
The right of law enforcement officers to stop and interrogate persons reasonably suspected of criminal conduct is also recognized by state and federal jurisprudence. State v. Belton, 441 So.2d 1195 (La.1983); State v. Andrishok, 434 So.2d 389 (La.1983); State v. Chopin, 372 So.2d 1222 *63 (La.1979); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
In State v. Andrishok, supra, the Supreme Court held:
“_that reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual’s right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Chopin, supra.”
In State v. Belton, supra, the Supreme Court further stated:
“The totality of the circumstances, ‘the whole picture,’ must be considered in determining whether reasonable cause exists. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). Although flight, nervousness, or a startled look at the sight of a police officer is, by itself, insufficient to justify an investigatory stop, State v. Chopin, supra; State v. Truss, 317 So.2d 177 (La.1975), this type of conduct may be highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause, State v. Williams, 421 So.2d 874 (La.1982); State v. Wade, 390 So.2d 1309 (La.1980).”
Applying the foregoing principles to the facts of the instant case, we find that Officer Guidry had sufficient knowledge of facts and circumstances to justify an investigatory stop. Guidry had knowledge that the Texaco station had been a target of several recent robberies, and noted that the defendant fit the description of the alleged perpetrator. These factors prompted Officer Guidry to pull his patrol car into the station. Upon seeing the patrol car, the defendant made a deliberate attempt to avoid contact with the officer by retreating to the restroom at the rear of the station. No detention or attempted detention had occurred up to this point. See State v. Belton, supra. After exiting the restroom, the defendant made a second attempt to avoid contact with Officer Guidry. These attempts to evade the officer, coupled with the other facts and circumstances known to Guidry, justified the investigatory stop.
The second question is whether Guidry was authorized to frisk the defendant’s outer clothing for a dangerous weapon. LSA-C.Cr.P. Art. 215.1(B). Once a lawful investigatory stop is made, a police officer is justified in frisking a suspect for weapons when he reasonably suspects that he is in danger of life or limb. State v. Snoddy, 389 So.2d 377 (La.1980); State v. Jernigan, 377 So.2d 1222 (La.1979), cert. denied, 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980). In order to justify a frisk for weapons, it is sufficient that an officer establish a substantial possibility of danger by pointing to particular facts which support such an inference. State v. Bolden, 380 So.2d 40 (La.1980), cert. denied, 449 U.S. 856, 101 S.Ct. 153, 66 L.Ed.2d 70 (1980).
We find that Officer Guidry was clearly justified in frisking the defendant for a dangerous weapon. As we have stated above, the defendant’s suspicious activity, coupled with the other facts and circumstances known to the officer, gave rise to a reasonable belief on the part of the officer that the defendant was the perpetrator of the recent armed robberies at the Texaco station, as well as a reasonable belief that he may have been preparing to commit another offense. The fact that the suspected offense involved a dangerous weapon clearly established a substantial possibility of danger. Furthermore, upon detecting the bulge in the defendant’s rear pocket, Guidry was justified in removing the stocking. Although Guidry knew that the pocket contained a nylon stocking (as he could see a portion of it hanging from the pocket), the pocket could also have contained a weapon. Guidry testified that he suspected that the defendant’s pocket could also have contained a weapon. He also knew *64 that nylon stockings are often used as masks during the commission of crimes. Under these circumstances, we find that the officer was justified in frisking the defendant, and in removing the nylon stocking from the defendant’s pocket. The trial court erred in granting the motion to suppress.
For the above and foregoing reasons, the writ heretofore granted is made peremptory. Accordingly, the judgment of the trial court dated October 18, 1983 is reversed and set aside and judgment is rendered dismissing defendant’s motion to suppress and this matter is remanded to the trial court for further proceedings consistent with the views herein expressed.
REVERSED AND RENDERED.