REDMANN, Chief Judge.
This appeal complains only of the trial court’s failure to suppress as evidence a brown paper bag of marijuana cigarettes that police officers saw defendant place behind a cigarette machine in the public area of a barroom.
“If ... property is abandoned without any prior unlawful intrusion into a- citizen’s right of freedom from governmental interference, then such property may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person’s custodial rights.” State v. Andrishok, 434 So.2d 389, 391 (La.1983).
*528 We conclude that, similarly, property may be lawfully seized although “hidden” behind a cigarette machine in the public area of a barroom by a person who was standing outside the bar upon the arrival of police officers investigating a noise complaint, then went inside and put the paper bag behind a cigarette machine just inside the bar, then moved to the rear of the bar.
The determinative question is whether the seizure is unreasonable, because viola-tive of the property owner’s reasonable expectation of privacy. Plaintiff appellant concedes that, had he merely abandoned the bag, the seizure would have been lawful. But he argues that his hiding the bag as he did negates abandonment. Accepting that as a correct statement of property law, we nevertheless reject appellant’s conclusion that the seizure was unlawful. By “hiding” the bag in a public area where anyone might have had access to it and opened it and seen its contents, and then moving away, appellant abandoned any expectation of privacy that he might have had as long as he kept the bag in his hand or otherwise in his immediate control. The police did him no constitutional wrong in looking inside the bag and seizing the marijuana cigarettes it contained.
Affirmed.