LOBRANO, Judge.
Defendant, Oliver Hunter, was charged by bill of information with the August 17, 1985 offense of possession of a firearm by a convicted felon, a violation of LSA R.S. 14:95.1. Defendant was arraigned on September 25, 1985 and pled not guilty. On October 10, 1985, defendant filed a Motion to Suppress the Evidence. On October 30, 1985, following a hearing, defendant’s suppression motion was denied. On November 7, 1985, defendant was tried by jury and found guilty as charged. On November 25, 1985, defendant was sentenced to serve four (4) years and six (6) months at hard labor without benefit of parole, probation or suspensions of sentence. In addition, defendant was sentenced to pay a fine of one-thousand dollars ($1,000), suspended. FACTS:
At approximately midnight on August 17, 1985, Officers James Klaver and Thomas Smith, while on routine patrol, observed defendant riding a bicycle down Martin Luther King Blvd. in the City of New Orleans. The officers observed the bicycle had no license as required by law and stopped defendant. Officer Smith Observed a bulge in defendant’s back pocket which resembled the shape of a handgun. Defendant was searched and found to be in possession of a concealed derenger-type pistol. Defendant was placed under arrest. Later it was learned defendant was a convicted felon.
Defendant appeals his conviction and sentence asserting the trial court erred in not suppressing the pistol as evidence seized following an illegal stop and search of defendant. Defendant argues there was no probable cause to stop him. He asserts the officers were stopping everyone they saw on a bicycle looking for violators of the municipal ordinance requiring bicycle registration and that they did not observe the absence of a license on defendant’s bicycle until after they stopped him. We disagree.
A careful reading of the transcript of the suppression hearing clearly shows defendant’s portrayal of the facts to be incorrect. There was no testimony that the officers were conducting a “drag net” type of operation. Although they were on the “look out” for violators of the licensing requirement and had stopped several other persons that week for the same violation, it was clear from their testimony that they stopped defendant only after they observed the absence of a license on his bicycle.
New Orleans Municipal Code Section (M.C.S.) 38-192 prohibits the operation of a bicycle in the City of New Orleans unless it has been registered with the New Orleans Police Department and a license reflecting said registration is prominently displayed on the bicycle. M.C.S. 38-213 provides that violations of M.C.S. 38-192 is punishable by *385 a fine of up to $100.00 and 90 days in jail, the loss of the bicycle owners registration plate for up to 30 days or any combination thereof.
Louisiana Code of Criminal Procedure Article 215.1 provides:
“A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing ... an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.”
Protection from unreasonable search and seizure is afforded by the Fourth Amendment to the United States Constitution and by Art. 1, Section 5 of the Louisiana Constitution. However, law enforcement officers are authorized to make investigatory stops under Louisiana Code of Criminal Procedure Art. 215.1 as well as state and federal jurisprudence. State v. Belton, 441 So.2d 1195 (La.1983); State v. Andrishok, 434 So.2d 389 (La.1983); State v. Chopin, 372 So.2d 1222 (La.1979); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Louisiana Code of Criminal Procedure Article 213 provides:
“A peace officer may, without a warrant arrest a person when: (1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit; ...”
In the instant case, the police officers had reasonable cause to make an investigatory stop and probable cause to search defendant. The handgun taken from defendant was seized during a permissible search for weapons.
For the foregoing reasons defendant's conviction and sentence are affirmed,
AFFIRMED,