BARRY, Judge.
The defendant was convicted of simple burglary, La.R.S. 14:62, and sentenced to 12 years at hard labor. A multiple bill is pending. The only assignment of error requests review for errors patent. There are none.
The defendant subsequently filed a pro se brief which argues that the trial court erred by denying his motion to suppress. The trial court did not rule on the motion because the state responded that no evidence had been seized; however, a wallet linking the defendant to the alleged crime was admitted at trial. We will therefore consider the defendant’s contentions that the police did not have reasonable cause to stop him or probable cause to search him and seize the evidence.
Detective Pritchett of the Jefferson Parish Narcotics Division testified that on September 19, 1985 just before 9:00 p.m. he was in the 8300 block of Pritchard St. looking for an address. He noticed a parked Fiat convertible with its top down and a black male, later identified as the defendant, leaning over the car’s door by the glove compartment. He called his dispatcher, then drove slowly past the convertible and pulled into a driveway as he kept the suspect in sight. Pritchett said he could not tell what the defendant was doing, but it appeared he was going through the glove compartment. He drove past the Fiat again and noticed the suspect had started to walk away, so he stopped and got out.
As the defendant walked toward Pritch-ett he looked through papers and dropped them to the ground. Flashlight in hand, Pritchett identified himself and asked the defendant for identification. He produced a brown wallet and dropped it. The wallet opened and Pritchett saw a driver’s license with a white man’s picture. The defendant, a negro, explained he had just found the wallet.
As another police vehicle arrived the defendant slipped out of his shoes in an attempt to run. Officer Theodore testified that he and his partner arrived shortly before 9:00 p.m. and arrested the defendant. They found on the street a prescription bottle and sunglasses and took possession of the wallet. They followed the trail of scattered papers and objects back to the Fiat. The car’s owner, Clovis Ashley, identified his property. The inside of the car was in disarray.
The defendant testified he found the wallet in the grass and denied that he had burglarized the car.
Although the police did not seize evidence from the defendant, the wallet was clearly abandoned (on the ground) as a result of a stop and the question is whether the officer’s investigatory stop was per- *174 missable. See State v. Andrishok, 434 So.2d 389 (La.1983).
A police officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense, and may demand his name, address, and an explanation of his actions. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); La.C.Cr. Art. 215.1; State v. Belton, 441 So.2d 1195 (La.1983), cert. denied 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). Reasonable cause for an investigatory stop is something less than probable cause and must be determined by the facts in each case. The police officer must have articu-lable knowledge of particular facts to reasonably suspect the detained person of criminal activity and thus to justify the infringement on the individual’s rights to be free of governmental interference. State v. Sims, 426 So.2d 148 (La.1983); State v. Williams, 421 So.2d 874 (La.1982).
Detective Pritchett observed the defendant leaning into the vehicle and reasonably concluded the defendant was going through the glove compartment. The defendant walked away as he went through papers and threw them on the ground. At that point the detective had reasonable cause to believe the defendant had burglarized the vehicle.
When Detective Pritchett asked for identification and the dropped wallet revealed the driver’s license of another man, the reasonable suspicion ripened into probable cause to arrest.
The defendant’s pro se emphasis is on the detective’s testimony that he became suspicious because the defendant was a black man in a predominantly white neighborhood. However, the defendant fails to note the other articulable circumstances which support the investigatory stop. In addition, the officer testified that he would have stopped a white man under the same circumstances.
Since there was reasonable cause to stop the defendant, the abandoned wallet was properly admitted into evidence. State v. Chopin, 372 So.2d 1222 (La.1979).
The defendant’s conviction and sentence are affirmed.
AFFIRMED.