PLOTKIN, Judge.
This writ arises out of a motion to suppress granted by the trial court pursuant to a hearing on a bill of information filed October 5, 1987, charging defendants, Rosetta McGraw and Brien Whittle, with violation of L.R.S. 40:966(D)(1). We find that the evidence in question was lawfully obtained from defendant Rosetta McGraw as *436 a result of a temporary stop in which Police Officer Posey had reasonable suspicion to believe that the defendants had committed, were committing, or were about to commit a crime. Further, the evidence obtained from defendant Whittle was admissible because Officer Posey had probable cause to arrest this defendant and the search of Whittle was incident to a lawful arrest. FACTS:
On September 4, 1987, Police Officer Po-sey was patrolling the 7600 block of Pecan Grove, an area of heavy drug traffic. He met a confidential informant (C.I.), who had in the past proved reliable and trustworthy in providing information which led to arrests. The C.I. informed P.O. Posey that two Negro males and one Negro female sitting on the church steps in the 4400 block of Wilson were selling drugs to passersby. After calling for assistance, Officer Posey drove to the 4400 block of Wilson where he found the parties just as the C.I. described. As he approached the defendants, Ms. McGraw threw her purse at the officer and ran. Officer Posey opened the purse and found several hand-rolled ciger-ettes there. At that point, the officer detained the two men and asked them to stand in place while he patted them down for possible weapons or drugs. He found in defendant Whittle’s possession a plastic bag containing marijuana.
The United States and Louisiana Constitutions prohibit unreasonable searches and seizures. U.S. Const. Amend. 4; La.1974 Const. Art. 1, Sec. 5. These provisions prohibit all warrantless searches, except in limited and exigent circumstances established by well-recognized exceptions. State v. Aguillard, 357 So.2d 535 (La.1978); State v. Lain, 347 So.2d 167 (La.1977). The State has the burden of proving the admissibility of any evidence seized without a warrant. LSA-C.Cr.P. 703(D); State v. Bazile, 386 So.2d 349 (La.1980); State v. Franklin, 353 So.2d 1315 (La.1978).
The authorization for a temporary stop without arrest by police of a person in a public place is set forth in C.Cr.P. art. 215.1, which provides:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
In order to stop a person temporarily to facilitate an investigation, the officer must have a reasonable suspicion that the suspect has committed, is committing, or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Jones, 483 So.2d 1207 (La.App. 4th Cir.1986), writ den. 488 So.2d 197 (La.1986). “Reasonable suspicion” is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect’s rights. State v. Belton, 441 So.2d 1195 (La.1983), cert den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Jones, supra.
In the case at bar, the information gained from the C.I. gave the police officer reasonable suspicion to interview the defendants. Then, when Ms. McGraw threw her purse, she abandoned it and lost her privacy interest. Such property, abandoned without any violation of the citizen’s right to be free from government interference, may be seized. State v. Andrishok, 434 So.2d 389 (La.1983); State v. Chopin, 372 So.2d 1222 (La.1979). Thus, the evidence found in Ms. McGraw’s purse is admissible.
The transcript reveals that following Ms. McGraw’s abandonment of her purse, it was secured by Officer Posey who searched it and discovered the presence of marijuana cigarettes. He thereafter imme *437 diately detained defendant Whittle, subsequently searched him and discovered a bag containing marijuana on his person.
At the time of the discovery of the marijuana cigarettes in McGraw’s purse, Officer Posey had probable cause to arrest both McGraw and Whittle. His detention of Whittle was an arrest and the search was reasonable as incidental to this lawful arrest. La.C.Cr.P. Art. 225. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).
Accordingly, for these reasons, the writ is granted, the judgment of the trial court on the motion to suppress the evidence is reversed and the case is remanded to the district court for further proceedings consistent herewith.