ON APPLICATION FOR SUPERVISORY WRITS
KLEIBERT, Judge.
Jefferson Parish Sheriff’s agents patrolling near an apartment complex near midnight on September 16, 1987 observed Anthony Williams and a companion standing behind a parked vehicle in the parking lot. The sheriffs office received numerous complaints concerning drug-related activity in the complex. The agents hit their bright lights and turned into the parking lot. Williams, who was approximately ten feet away, dropped an object to the ground. The agents exited their vehicle, identified themselves, and retrieved the object. It was a matchbox containing a white power, ultimately determined to be cocaine. Williams, citing the decision in State v. Chopin, 372 So.2d 1222 (La.1979), moved to suppress the evidence on the grounds it was unconstitutionally seized. The trial court denied the motion. We initially denied the writ application because of an inadequate record. The Supreme Court granted writs and ordered us to obtain a copy of the transcript and rule upon the merits of Williams’s application.
*520 In our view, State v. Chopin, supra, is distinguishable from the present case. The defendant in Chopin was observed walking along a well-lit service road carrying a brown paper bag. Because he became “kind of nervous” and walked faster when he saw the police unit, the agent turned the unit around, drove directly toward the defendant, hit his bright lights, and blocked his progress by stopping three to four feet in front of the defendant. The defendant ran, dropping the bag in the process. The bag contained marijuana. In ordering the evidence suppressed, the Supreme Court in Chopin found there was a detention or stop but insufficient cause to make an investigatory stop. Property abandoned as a result of the illegal detention could not be legally seized.
Considering the circumstances here, i.e., standing in a parking lot behind a truck, the late hour, and the previous complaint of drug related activities in the area, the agents, without blocking his passage or stopping defendant, had the right to move closer for a better view and upon seeing the defendant dispose of an object had the right to retrieve it. State v. Ryan, 358 So.2d 1274 (La.1978). The agents did not block the progress of the defendant as in Chopin, supra, and did not approach in a manner or under circumstances which made it seem some form of detention was imminent until after Williams disposed of the matchbox. Thus, the matchbox was abandoned without any prior intrusion or detention by the police upon Williams’s freedom of movement. State v. Wheeler, 416 So.2d 78 (La.1982); State v. Littleberry, 511 So.2d 1229 (2nd Cir.1987) and cases cited therein. Hence, in our view the matchbox was legally seized.
During the hearing on the motion to suppress the trial court directed the defendant to stand and identify himself. Defense counsel objected on Fifth Amendment grounds. The defendant’s privilege against self-incrimination was not violated when he was asked to stand and identify himself. State v. Jones, 261 La. 422, 259 So.2d 899 (1972).
For the foregoing reasons, Williams’ application for writs of prohibition and mandamus is denied.