LABORDE, Judge.
On November 6, 1987, defendant, Man-nard Lee, was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. The trial court denied defendant’s, motions to suppress both physical evidence and a confession. Defendant then withdrew his former not guilty plea, and entered a plea of guilty to the crime of theft of property valued from $100.00 to $500.00, a violation of La.R.S. 14:67. Defendant’s guilty plea was conditioned upon the reservation of his right to appeal the trial court’s refusal to suppress evidence, pursuant to the holding of State v. Crosby, 338 So.2d 584 (La.1976). On May 18, 1988, the defendant was sentenced to one year in prison. Defendant now appeals the trial court’s denial of his motions to suppress evidence. We affirm.
FACTS
On September 21,1987, at approximately 12:07 a.m., Corporal Don Field, Jr., of the Rapides Parish Sheriff’s Department, noticed a Chevrolet pickup truck exiting an Assembly of God Church parking lot. The defendant; a passenger in the pickup truck, was accompanied by two other males. Deputy Field observed a lawn mower in the bed of the truck. Considering the late hour, the fact that the church parking lot was otherwise completely empty, and the fact that the church had been previously burglarized, Field pulled the vehicle over to conduct an investigation. As he approached the truck, Deputy Field also saw an edger in the bed of the truck. When asked to explain the presence of the lawn equipment in the truck, the men said that they had just performed a job in the Boyce area. They also told the deputy that they had been driving around, drinking beer, and had stopped in the church parking lot to “relieve themselves.”
Suspecting that the mower and edger were stolen, the deputy radioed his supervisor to question the church’s pastor to determine if any church equipment had been stolen. The pastor went to the church, determined that there had been no theft of church property, and the suspects were released. This investigation lasted approximately one hour, during which time the men were not free to leave.
On September 22,1987, a neighbor of the Assembly of God church reported a theft of lawn equipment. As a result of the information given by Deputy Field, arrest warrants were prepared for the three men in the pickup truck. The defendant was arrested on October 8, 1987, and confessed the following day that the lawn equipment was stolen.
ASSIGNMENT OF ERROR
Defendant contends that the trial court erred in failing to grant the motions to suppress all evidence obtained as a result of the investigatory detention.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La.C.Cr.P. art. 215.1[1], as well as both *755 state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Andrishok, 434 So.2d 389 (La.1983). Reasonable cause for an investigatory detention is something less than probable cause. It must be determined under the facts of each case by ascertaining whether the officer had sufficient knowledge of circumstances to justify an infringement on the individual’s right to be free from governmental interference. The right to make an investigatory stop and to question the particular individual detained must be based upon reasonable cause to believe that he had been, is, or is about to be engaged in criminal activity. State v. Andrishok, supra.
Deputy Field testified that he thought it was “odd” that a pickup truck would be leaving a deserted church parking lot at midnight. In the back of the truck were a lawn mower and edger. The deputy also testified that this particular church had been burglarized several times in the past. Defendant argues that these facts were not reasonable grounds for stopping the vehicle. Defendant highlights testimony in which Deputy Field admits that no complaint concerning a theft at the church had been filed that night; that he saw other vehicles traveling on the street but only stopped the pickup; and that he had no description of the suspects or vehicles from prior burglaries.
The facts pointed to by the defendant do not mandate a finding that an unlawful stop was made. In this case, a crime committed during the cover of night was not discovered and reported until the next morning. If the police were only able to act after a complaint of criminal activity was filed, the perpetrators) would have the immeasurable advantage of time to sell stolen items, escape, hide weapons, etc. Furthermore, in the instant case, the pickup truck was the only vehicle stopped by Deputy Field because it alone was in the church parking lot. Other vehicles travel-ling on the street did not arouse the same degree of suspicion as a truck leaving a deserted parking lot at midnight. Also, considering that the deputy knew of past burglaries at the church, it was reasonable for him to single out the defendant and his friends, even without a description of suspects or vehicles involved in the prior burglaries.
Defendant cites several cases where the courts have held that an investigatory stop was unconstitutional, but we do not find these cases to be factually similar to the case at bar. The officer, under the circumstances of this case, had specific and articu-lable facts on which to base his suspicion that a crime had been committed. He reasonably inferred that the lawn equipment was taken during a burglary and that the men in the truck had the opportunity to commit the act.
Defendant also argues that even if the investigatory stop was valid, subsequently detaining the defendant for sixty minutes constituted an unlawful intrusion upon his personal liberty and privacy interests. Defendant contends that the deputy’s suspicions merited only a minimal infringement of his privacy interest, and that, because the detention extended beyond a brief period of time, it was unjustifiable in the absence of probable cause. Thus, according to defendant, the trial court should have granted his motion to suppress all evidence obtained after the stop.
The investigatory stop, codified in La.C. Cr.P. art. 215.1, originated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Because Terry created an exception to the general rule requiring probable cause to make Fourth Amendment “seizures” reasonable, the Supreme Court has been careful to maintain its narrow scope. Dunaway v. New York, 442 U.S. 200, 210, 99 S.Ct. 2248, 2255, 60 L.Ed.2d 824 (1979). In United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983), the Supreme Court held that a Terry stop which lasted for ninety minutes was unconstitutional. However, the Court specifically declined to adopt any outside time limita *756 tion for a permissible Terry stop. Furthermore, the court in Place specifically discussed the ALI, Model Code of Pre-Ar-raignment Procedure § 110.2(1) (1975), cited by defendant in his brief. Of the ALI provision which recommends a maximum of twenty (20) minutes for a Terry stop, the Court said:
“We understand the desirability of providing law enforcement authorities with a clear rule to guide their conduct. Nevertheless, we question the wisdom of a rigid time limitation. Such a limit would undermine the equally important need to allow authorities to graduate their responses to the demands of any particular situation.”
462 U.S. at 711, n. 10, 103 S.Ct. at 2646, n. 10.
The Supreme Court in Place also stated that an important factor in determining the reasonableness of an investigatory stop is “whether the police diligently pursue their investigation.” 462 U.S. at 709, 103 S.Ct. at 2645. We find that the deputy in this case diligently pursued the investigation to determine if the mower and edger were stolen from the church. The deputy was justified in detaining these individuals just long enough to determine if the church had been burglarized yet again. Once this was determined, he released them. Under the facts of this case, and in the absence of any suggestion of deliberate delay on the part of the deputy, a one hour investigatory stop was lawful.
Thus, there is no merit to defendant’s assignment of error, and for the reasons assigned, the denial of the motions to suppress is affirmed.
AFFIRMED.

. LSA-C.Cr.P. art. 215.1 provides (in pertinent part):
"A. A law enforcement officer may stop a person in a public place whom he reasonably *755 suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.”