BARRY, Judge,
concurs with reasons.
Citizens are protected against unreasonable searches and seizures. U.S. Const. Amend. IV; La. Const. Art. I, § 5. However, La.C.Cr.P. Art. 215.1 authorizes police officers to stop a person reasonably suspected of criminal conduct. See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A citizen must be stopped without reasonable cause or a stop must be imminent in order for his “right to be left alone” to be violated, thereby rendering unlawful any resultant seizure of abandoned property. State v. Andrishok, 434 So.2d 389 (La.1983); State v. Chopin, 372 So.2d 1222 (La.1979).
As long as a person remains free to disregard the police and walk away, there is no intrusion upon that person’s liberty which requires justification. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied 466 U.S. 953,104 S.Ct. 2158, 80 L.Ed.2d 543 (1984), citing United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). The police officers arrived in marked cars, officers gave chase from the front as the defendant and others fled, and other officers blocked the suspect’s route of escape. The defendant’s right to be left alone was clearly violated, but with ample justification. The “chase” of a suspect does not necessarily constitute a seizure, see Michigan v. Chesternut, 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988).
Officers Marquez and Perkins testified that the defendant discarded a plastic bag as he fled and other officers blocked the other side of the courtyard. Officer Marquez stated that five subjects were fleeing as the officers exited their car in response to a report of drug trafficking and possible weapons. He stated that he and Officer Perkins exited the vehicle and “ran the subject through the alleyway and Officer Slack had come through the back way to cut off any possible route of escape.” When asked whether the defendant dropped the bag before he started to run, Officer Perkins answered negatively. He said that the defendant turned to run and took a number of steps before dropping the bag.
When questioned as to the defendant’s suspicious activity, Officer Perkins testified that the defendant was reaching into his belt and the officer suspected either a drug transaction or possession of a weapon because of a complaint of gunshots. Officer Perkins testified that he chased the defendant in order to investigate what he was “digging into his belt for” or to see if some type of drug transaction was taking place. They were in an active area for drug activity. Officer Perkins said another subject was standing directly in front of the defendant facing him. The officer further stated:
I saw something in his hand. He kept digging into his waistband. At that time, he came up with what appeared to be a bag or weapon. I wasn’t sure from the point we were at, but as we got closer and he observed us, he fled, dropping the bag; discarding the bag, and ran into the breezeway and we gave chase.
In other testimony Officer Perkins stated that the defendant and another subject were facing each other as if they were “trading” something.
Under these circumstances the police officers’ actions were justified by the defendant’s most suspicious conduct. The officers had reasonable cause to believe that the defendant was engaged in criminal conduct.