STATE OF LOUISIANA
v.
HERBERT A. PICHON, JR.
No. 2007 KA 1503
Court of Appeals of Louisiana, First Circuit.
February 8, 2008
Not Designated for Publication
WALTER P. REED, District Attorney, KATHRYN LANDRY, Attorney for Appellee State of Louisiana.
FREDERICK KROENKE, Attorney for Defendant/Appelllant.
Before: GAIDRY, McDONALD and McCLENDON, JJ.
McDONALD, J.
The defendant, Herbert A. Pichon, Jr., was charged by bill of information with possession of a Schedule II controlled dangerous substance (cocaine), a violation of La. R.S. 40:967(C). He pleaded not guilty. The defendant filed a motion to suppress the evidence, which was denied. Following a jury trial, the defendant was found guilty as charged. The State subsequently filed a "multiple offender" bill of information. The defendant was sentenced to five years at hard labor. Based on a plea agreement, the defendant waived delays of the habitual offender hearing, and acknowledged the truth of the allegations contained in the "multiple offender" bill. The trial court adjudicated the defendant a fourth-felony habitual offender, vacated the previous five-year sentence, and sentenced the defendant to twenty years imprisonment without the benefit of probation or suspension of sentence. The defendant now appeals, designating one assignment of error. We affirm the conviction, habitual offender adjudication, and sentence.

FACTS
Sergeant Nikki Mistretta with the Slidell Police Department, Special Agent Keith Humphries of the Drug Enforcement Administration, and Sergeant Danny Fonte of the St. Tammany Parish Sheriff's Office were members of a task force investigating certain high-crime areas of Slidell for narcotics-related activity. On the night of November 3, 2004, Sergeant Mistretta and Agent Humphries were riding in an unmarked black pickup truck on Shady Lane. Sergeant Fonte was riding separately in the same area. There had been previous anonymous calls to the Sheriff's Office about drug activity at a particular residence on Shady Lane. Sergeant Mistretta drove by this residence and observed an occupied vehicle in the driveway. A female approached the driver's side window of the vehicle and, upon seeing Sergeant Mistretta, spun around and headed toward the residence. According to Sergeant Mistretta, who testified at both the motion to suppress hearing and the trial,[1] the female recognized him as a police officer. Sergeant Mistretta and Agent Humphries were wearing TAC (bulletproof) vests with markings that identified them as law enforcement officers.
Based on what he considered suspicious behavior by the female, Sergeant Mistretta exited the pickup and approached the driver's side of the vehicle, which was occupied by three men. Agent Humphries stood at the rear of the vehicle. Sergeant Fonte had been contacted and arrived moments later. Sergeant Mistretta asked the driver to step out and asked if he could search the vehicle. The driver consented to the search. Agent Humphries and Sergeant Fonte asked the two passengers to exit the vehicle. The defendant was the front-seat passenger. Within seconds of searching the vehicle, Sergeant Mistretta found a crack pipe on the front seat. During the search, Sergeant Mistretta observed the defendant put his hand in his pocket and then put that hand to his mouth. All three occupants denied knowledge of the crack cocaine pipe. When Sergeant Mistretta advised the three men that they were being placed under arrest, the defendant fled. Sergeant Mistretta and Agent Humphries pursued the defendant. During the chase, the defendant spit something out of his mouth. Moments later, the defendant was apprehended, and Sergeant Mistretta returned to the spot where the defendant had spit something out and found a small baggie containing crack cocaine. The defendant denied that the crack cocaine was his. Sergeant Mistretta also found about $2,200 on the defendant's person. The crack pipe found in the vehicle had residue on it that tested positive for cocaine.

ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant argues the trial court erred in denying his motion to suppress the evidence. Specifically, the defendant contends that Sergeant Mistretta did not have reasonable cause to make an investigatory stop. The only issue raised by the defendant is whether there was reasonable cause to suspect that the defendant, or anyone in the vehicle, was committing, had committed, or was about to commit, an offense sufficient to justify the initial investigatory stop.
Trial courts are vested with great discretion when ruling on a motion to suppress. Consequently, the ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of that discretion. State v. Long, 03-2592, p. 5 (La. 9/9/04), 884 So.2d 1176, 1179, cert. denied, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005).
The Fourth Amendment to the United States Constitution and Article I, section 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by La. Code Crim. P. art. 215.1, as well as both federal and state jurisprudence. Reasonable cause for an investigatory detention in a public place is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. State v. Bracken, 506 So.2d 807, 811 (La. App. 1st Cir.), writ denied, 511 So.2d 1152 (La. 1987). See also State v. Belton, 441 So.2d 1195, 1198 (La. 1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
The totality of the circumstances, "the whole picture," must be considered in determining whether reasonable cause exists. Although flight, nervousness, or a startled look at the sight of a police officer is, by itself, insufficient to justify an investigatory stop, this type of conduct may be highly suspicious and, therefore, may be one of the factors leading to a finding of reasonable cause. Belton, 441 So.2d at 1198.
An officer's knowledge that a certain area is one of frequent criminal activity is a legitimate, recognized factor which may be used to judge the reasonableness of a detention. Such so-called high-crime areas are places in which the character of the area gives color to conduct which might not otherwise arouse the suspicion of an officer. State v. Nixon, 95-0740, p. 3 (La. App. 1st Cir. 4/4/96), 672 So.2d 402, 404, writ denied, 96-1118 (La. 10/4/96), 679 So.2d 1378.
The defendant contends that a completely objective evaluation of all the circumstances known to Sergeant Mistretta did not establish reasonable grounds for an investigatory stop, citing Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Given that the vehicle was properly parked in the driveway, that Sergeant Mistretta observed no hand-to-hand transaction, and that the female reasonably spun around and walked away after seeing a black pickup truck at night slow down on her street, the defendant asserts that Sergeant Mistretta could not have reasonably suspected that an offense was being, had been, or was about to be committed.
As supervisor of the narcotics unit, Sergeant Mistretta had considerable experience in law enforcement at the time of the detention of the defendant and his companions. He was on a local parish task force with the St. Tammany Parish Sheriff's Office to investigate certain unincorporated areas of Slidell where law enforcement had received numerous complaints of narcotics-related activities. Sergeant Mistretta was also aware that one particular residence on Shady Lane had been the subject of several anonymous complaints made to the narcotics tip line.
When Sergeant Mistretta and Agent Humphries drove by this residence on Shady Lane, Sergeant Mistretta witnessed a female approach the driver's window of an occupied vehicle parked in her driveway. When she appeared to recognize Sergeant Mistretta as a police officer, she immediately spun around and moved toward the residence. Based on his experience, Sergeant Mistretta believed the suspicious activity was suggestive of a possible drug transaction.
At trial, regarding the female's suspicious behavior of approaching the vehicle and suddenly turning around, Sergeant Mistretta testified, "I suspected it was probably related to drug activity." At the motion to suppress hearing, Sergeant Mistretta testified on direct examination as follows:
Q. What activity at all did it appear that these individuals were involved in? There were people in the car, and there was a female outside the car?
A. Yes.
Q. What did they appear to be involved in?
A. It appeared to be a possible transaction of some sort.
Q. What did you base that opinion on?
A. Based it on my years of experience and the suspicious activity she displayed.
Thus, despite Sergeant Mistretta testifying at both the trial and the motion to suppress hearing that he approached the vehicle to make "consensual contact" with the female or the vehicle's occupants, it is clear Sergeant Mistretta had already suspected that there had been or was going to be drug-related activity before he and Agent Humphries even approached the vehicle or spoke to anyone. Accordingly, the officers' initial encounter with the individuals was not merely consensual contact to converse with the citizenry, but an investigatory detention, triggering the application of La. Code Crim. P. art. 215.1. Cf. State v. Beasley, 430 So.2d 1273, 1276-78 (La. App. 1st Cir. 1983) (where, because the officers initially had no knowledge or suspicion that a crime was being committed, had been committed, or was about to be committed, they did not need reasonable suspicion to detain in order to approach the defendant's car; rather, the investigatory detention occurred only after activity on the part of the defendants was sufficient to provide reasonable grounds to suspect each of these defendants of being involved in past, present, or imminent criminal activity).
We conclude that the foregoing articulated facts and circumstances provided Sergeant Mistretta with reasonable cause to believe the occupants of the vehicle had been, were, or were about to be engaged in criminal conduct. Accordingly, the subsequent investigatory detention was legal. See Bracken, 506 So.2d at 809-12. We find no abuse of discretion in the trial court's denial of the defendant's motion to suppress. The assignment of error is without merit.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.
NOTES
[1] In determining whether the ruling on defendant's motion to suppress was correct, we are not limited to the evidence adduced at the hearing on the motion. We may consider all pertinent evidence given at the trial of the case. State v. Chopin, 372 So.2d 1222, 1223 n. 2 (La. 1979).