ARMSTRONG, Judge.
Defendant, Lee Russell, was charged with one count of possession of crack cocaine, a violation of La.R.S. 40:967(C)(2). The trial court subsequently granted defendant’s motion to suppress the evidence. The State now seeks relief from that ruling, applying for supervisory writs.
On March 20, 1990, police officers received information from a reliable confidential informant who had provided information in the past which had led to narcotics arrests and convictions. This C.I. informed officers that crack cocaine was being sold in small quantities from a house at 928 Piety Street. The officers set up a surveillance that day and observed many people come to the residence, stay a short time, and then leave. The officers believed these people were buying cocaine. The officers returned the next day, March 21st, and the day after, March 22nd, and on both days they observed heavy traffic similar to that on March 20th which comported with the sale of cocaine.
On March 22nd, the officers contacted a different reliable C.I., who had not visited 928 Piety Street. The officers convinced this C.I. to make a controlled buy for them. The officers gave the C.I. money, and he went to the house and purchased cocaine. Sometime after this controlled purchase was made, the officers observed defendant exit the house and begin walking away. The officers had seen defendant enter the house while the C.I. was inside. Because of the direction of the one-way streets in the area, defendant had walked quite a few blocks before the officers were able to make an investigatory stop of him. They pulled up in front of him in two police cars, exited, and ordered him to place his hands up against a fence. As he was complying, he dropped a small object which, when retrieved by the officers, was found to be a package of crack cocaine. Defendant was then arrested. No one else was arrested in connection with the surveillance of 928 Piety Street.
The small package of cocaine was seized after the defendant threw it down as he was complying with the officers’ order to stand up with his hands against the fence. There seems to be no question but that defendant’s disposal of the cocaine was a direct result of the stop by the officers. If the police officers stopped defendant without the legal right to do so, the cocaine abandoned by him as a result thereof cannot be deemed legally seized and may not be introduced as evidence against him. State v. Belton, 441 So.2d 1195, 1199 (La.1983), cert. denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). See also State v. Andrishok, 434 So.2d 389 (La.1983).
La.C.Cr.P. art. 215.1 authorizes a police officer to stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense, and demand of him his name, address, and an explanation of his actions. See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990).
In the instant case, the officers had information from a reliable C.I. that cocaine was being sold from 928 Piety Street. Surveillance conducted on three consecutive days showed activity which was consistent with drug sales. On the third day, the officers used another C.I. to make a con *790 trolled purchase of cocaine from the residence. A short while after this purchase was made, defendant was observed leaving the residence. Defendant had been inside the house while the C.I. was making his purchase.
Although the officers had no knowledge of defendant prior to his arrest, he was observed as one of many who visited the residence for a short period of time. The tip from the first C.I., that cocaine was being sold from that residence, was confirmed by the controlled buy made by the second C.I. In addition, defendant was in the residence at the time the C.I. made the purchase. Given the corroboration of the first C.I.’s tip, the actual controlled purchase, and the short duration of the defendant’s stay at the residence, it appears the officers had reasonable suspicion that the defendant was also at the residence to purchase cocaine. Accordingly, their stop of defendant, which led to his abandonment of the cocaine, was valid. Thus, the trial court erred by granting defendant’s motion to suppress the cocaine.
For the foregoing reasons, we grant the State’s application for writs, and reverse the trial court’s granting of defendant’s motion to suppress the evidence.
WRIT GRANTED.