JiSCHOTT, Chief Judge.
This is before the court on a writ of certio-rari directed to a judgment of the trial court granting defendant’s motion to suppress evidence seized without a warrant. We reverse.
*1103 Police were involved in an ongoing investigation of drug sales from the Monte Carlo Motel on Chef Menteur Highway and had obtained a search warrant for room number 48. Prior to execution of the warrant, police received information that sales were being made from room number 35. An undercover officer met with a person outside room 35, and the person went inside the room, returned, and made an exchange of money for cocaine. Prior to being able to obtain a warrant for room 35, a confidential informant told the police that one of the main drug suppliers for the area was in room 35, that he was a black male, approximately 40 years old, and he drove a Lincoln Continental. Shortly thereafter, the defendant, who, matched this description, exited room 35 and drove away in a Lincoln Continental.
Police followed him to another motel where he remained for a short time and left. He began driving erratically and talked on the cellular phone when a second vehicle began following the Lincoln. Eventually, defendant and the pother vehicle stopped, and defendant met with the occupants of the other vehicle. Police detained defendant and ordered him to exit the car. • When the defendant pretended that he could not speak, the police discovered that he had a large bag of crack cocaine in his mouth. They arrested him and, seized the cocaine, the cellular phone, and some money.
The trial court suppressed the evidence finding that the police did not have a reasonable suspicion to stop defendant. This finding was erroneous. The totality of the circumstances that a drug investigation was ongoing at the hotel, that defendant was in room 35 when a controlled buy was made from the room, that the Cl’s tip revealing defendant’s presence in room 35 was confirmed, defendant’s activity upon leaving the motel, traveling to another motel and staying there for a short time, and finally his “random” meeting with people from another car in a parking lot, clearly provide the police with a reasonable suspicion that defendant was committing, had committed, or was about to commit an offense. La. Code of Criminal Pro. art. 215.1.
This case is factually similar to State v. Russell, 593 So.2d 788 (La.App. 4th Cir.1992), where this court upheld evidence seized pursuant to a warrantless stop based upon a reasonable suspicion of criminal activity. In Russell, defendant was stopped upon leaving a house which was under surveillance for drug activity based upon the tip from a Cl. The police made a controlled purchase and shortly thereafter defendant exited the house. Police stopped defendant. The stop and resulting seizure of drugs was upheld because these circumstances provided the police with reasonable suspicion to believe the defendant was involved in criminal activity.
Accordingly, the judgment of the trial court is reversed, the motion to suppress is denied and the case is remanded for further proceedings.

REVERSED AND REMANDED.