MAX N. TOBIAS, JR., Judge
|, J.S. appeals his adjudication of delinquency for possession of marijuana. After review of the record in light of the applicable law, we reverse the appellant’s adjudication of delinquency and sentence and remand the matter to the Juvenile Court for the Parish of Orleans for a new trial.

PROCEDURAL HISTORY AND RELEVANT FACTS

On 29 January 2008, J.S. was arrested for possessing one plastic bag of marijuana. On 22 February 2008, J.S. was charged by a petition with violating La. R.S. 40:966, relative to possession of marijuana. Due to failure of service, J.S. did not appear at his initial hearing scheduled for 10 March 2008. The state filed a Notice of Intent to Offer into Evidence the State’s Criminalist Report pursuant to La. R.S. 15:499-501 on 12 March 2008. J.S. failed to appear for his rescheduled initial hearing on 21 May 2008, and a warrant was issued for his arrest. J.S. was then arrested pursuant to the warrant and appeared for his initial hearing on 30 June 2008. At the hearing, J.S. entered a denial to the offense charged in the petition and an adjudication hearing was set for 22 July 2008.
*907 On 16 July 2008, counsel for J.S. filed a Motion to Suppress Evidence in addition to Minor-Respondent’s Motion for PreTrial Discovery and for Bill of |2Particulars. On 17 July 2008, counsel for J.S. filed a subpoena request with the Clerk of Juvenile Court requesting a subpoena be issued to William Giblin, the criminalist who tested the marijuana following J.S.’s arrest.
On 22 July 2008, a motion to suppress and adjudication hearing was held in this matter. In order to establish that it had a constitutional right to stop J.S. and seize evidence against him, the state offered the testimony of Officer Jamani Roy, a four-year veteran of the New Orleans Police Department. Officer Roy testified that on 28 January 2008, he was assigned to the Fifth District and was on patrol in a marked police unit when he observed J.S. standing alone on the corner of Abundance and Marigny Streets. According to Officer Roy, during the two-and-a-half years he had been assigned to the Fifth District, he had made numerous arrests for drug and weapons possession on that street corner and the area was known to him as a high crime and drug-trafficked area. Due to the known high drug activity in the area, and seeing J.S. standing alone on the corner, Officer Roy determined that a field investigation was warranted.
Officer Roy further testified that as he continued traveling on Marigny and approached its corner with Abundance; when he was approximately six to eight feet from J.S., he observed J.S. discard an object onto the ground. After J.S. discarded the object, Officer Roy exited his vehicle and directly approached the item, which he opined to be marijuana. Officer Roy then detained J.S., recovered the discarded bag and placed J.S. under arrest.
The state then offered into evidence the clear plastic bag containing vegetable matter that was discarded by J.S. and seized following his arrest. Defense counsel objected to the introduction of this evidence on the ground that the state failed to meet its burden of proof that the evidence was seized in a |;⅞constitutional manner.[1] The trial court denied defense counsel’s motion to suppress and admitted into evidence the clear plastic bag containing vegetable manner.
Pursuant to La. R.S. 15:501(b)(l), the state then offered into evidence the crimi-nalist’s certificate of analysis as prima fa-cie proof that the evidence collected at the time of J.S.’s arrest tested positive for marijuana. In response, defense counsel advised the court that, in compliance with the statutory time delays set forth in La. R.S. 15:501(b)(l), on 17 July 2008, the defense subpoenaed the criminalist to testify at the 22 July 2008 adjudication hearing. The juvenile court overruled the defense’s objection and admitted the criminalist’ certificate of analysis into evidence.
At the conclusion of the hearing, the juvenile court found the state proved beyond a reasonable doubt that J.S. was a delinquent in possession of marijuana.
J.S. filed an application for supervisory writs to this court on 26 August 2008, challenging the juvenile court’s denial of J.S.’s motion to suppress evidence, which was denied on the basis that J.S. had an adequate remedy on appeal following the trial court’s rendering of a judgment of disposition. On 16 September 2008, J.S. appeared before the juvenile court and was sentenced to secure care commitment for a *908 period of time not to exceed six months. Thereafter, J.S. timely filed the instant appeal.

DISCUSSION

Assignment of Error Number 1

14J.S. argues that the trial court abused its discretion in denying his motion to suppress the evidence on the ground that the evidence seized from him was the result of an illegal imminent stop. We disagree.
A trial court’s ruling on a motion to suppress the evidence is entitled to great weight, because the court has the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Howard, 00-2405, p. 3 (La.App. 4 Cir. 4/11/01), 787 So.2d 404, 407; State v. Johnson, 98-2544, p. 5 (La.App. 4 Cir. 11/17/99), 748 So.2d 527, 530.
The Fourth Amendment of the U.S. Constitution and Art. I, § 5 of the Louisiana Constitution protect persons from unreasonable searches and seizures.[2] In an effort to discourage police misconduct, evidence recovered as a result of an unconstitutional search or seizure is inadmissible. State v. Tucker, 626 So.2d 707, 710 (La.1993); State v. Sykes, 04-1199, 04-0947, p. 4 (La.App. 4 Cir. 3/9/05), 900 So.2d 156, 158. Thus, evidence abandoned by a citizen and recovered by the police as a direct result of an unconstitutional seizure may not be used in a resulting prosecution against the citizen. Tucker, 626 So.2d 5at 710; State v. Chopin, 372 So.2d 1222, 1224 (La.1979). If, however, a citizen abandons or otherwise disposes of property prior to any unlawful intrusion into the citizen’s right to be free from governmental interference, then the property may be lawfully seized and used against the citizen in a resulting prosecution. Tucker, 626 So.2d at 710; Sykes, 04-1199, 04-0947, p. 4, 900 So.2d at 159-160; Chopin, 372 So.2d at 1224; State v. Ryan, 358 So.2d 1274, 1275 (La.1978). “It is settled that the police do not need probable cause to arrest or reasonable suspicion for an investigatory stop every time they approach a citizen in a public place.” Sykes, 04-1199, 04-0947, p. 4, 900 So.2d at 160; State v. Britton, 93-1990, p. 2 (La.1/27/94), 633 So.2d 1208, 1209. Mere communications between an officer and a citizen do not implicate Fourth Amendment concerns where there is no coercion or detention.[3] Sykes, 04-1199, 04-0947, p. 4, 900 So.2d at 160. The police have the same right as any citizen to approach an individual in public and to engage him in conversation under circumstances that do not signal official detention. Id.; Britton, 93-1990, p. 2, 633 So.2d at 1209. “[I]t is only when the citizen is ‘actually stopped’ without reasonable cause or when ‘a[n] [actual] stop without reasonable cause is imminent’ that the ‘right to be left alone’ is violated, thereby rendering unlawful any resultant seizure of abandoned property.” Tucker, 626 So.2d at 710-711; State v. Belton, 441 So.2d 1195, 1199 (La.1983); Chopin, 372 So.2d at 1224.
An “actual stop” occurs when an individual submits to a police show of *909 authority or he is physically contacted by the police. Tucker, 626 So.2d at 712. An “imminent actual stop” occurs when the police come upon an individual with such force that, regardless of the individual’s attempts to flee or elude the encounter, an actual stop of the individual is virtually certain. Id.
|fiIn the instant case, the testimony from the combined motion to suppress hearing and trial on the merits reveals that Officer Roy was alone in his marked police unit when he approached the intersection of Marigny and Abundance Streets. As J.S. saw the police unit approaching, while continuing freely in his movements, he discarded an object to the ground. After having already observed J.S. discard the object, Officer Roy stopped his vehicle three to four feet away from where J.S. was standing on the street corner and exited the police unit. Officer Roy then secured J.S., retrieved the previously discarded bag and placed J.S. under arrest. Under these facts, we conclude that J.S. had not been “actually stopped” at the time he discarded the evidence.
Thus, the determinative question in the ease at bar becomes whether an actual stop of J.S. was “imminent,” or whether police used force that was “virtually certain” to result in an “actual stop,” prior to J.S. discarding the bag containing vegetable matter. In determining whether an “actual stop” of an individual is “imminent,” [4] the focus must be on the degree of certainty that the individual will be “actually stopped” as a result of the police encounter. Tucker, 626 So.2d at 712. This degree of certainty may be ascertained by examining the extent of police force employed in attempting the stop. It is only when the police come upon an individual with such force that, regardless of the individual’s attempts to flee or elude the encounter, an actual stop of the individual is virtually certain, that an “actual stop” of the individual is “imminent.” Id.
|7To determine whether police used force that was “virtually certain” to result in an “actual stop” of the individual, the court may consider: (1) the proximity of the police in relation to the defendant at the outset of the encounter; (2) whether the individual has been surrounded by the police; (3) whether the police approached the individual with them weapons drawn; (4) whether the police and/or the individual are on foot or in motorized vehicles during the encounter; (5) the location and characteristics of the area where the encounter takes place; and (6) the number of police officers involved in the encounter. Id. at 712-713.
Applying these factors to the instant case, the testimony reveals that Officer Roy, traveling alone, was several feet away from J.S. and remained inside the police unit at the outset of the encounter. As Officer Roy was the only police officer on the scene, clearly J.S. was not surrounded by the police. The record is devoid of testimony that Officer Roy had his weapon drawn at this or any other point during the encounter. More importantly, at the time J.S. actually discarded the object to the ground, he had a lead of several feet between himself and Officer Roy, who remained in the police unit, and no evidence exists indicating that J.S. was not free to *910 leave at that point. Considering these facts, we conclude that an actual stop of J.S. was not “virtually certain” or “imminent” to occur at the time he abandoned the evidence.[5]
|8Based on the facts adduced at the hearing, we find that Officer Roy’s actions did not constitute either an actual stop or an imminent actual stop and, thus, J.S. abandoned the bag prior to any unlawful intrusion into his right to be left alone from governmental interference. Accordingly, we hold that J.S. was not unconstitutionally seized and, therefore, the juvenile court properly denied J.S.’s motion to suppress. This assignment of error is without merit.

Assignment of Error Number 2

J.S. assigns as error the juvenile court’s admitting into evidence, over objection, the criminalist’s certificate of analysis as prima facie evidence of its contents and proper custody contrary to the provisions of La. R.S. 15:501. Specifically, J.S. argues that the certificate was not admissible as prima facie proof because defense counsel had subpoenaed the criminalist who made the certificate five days in advance of trial. We find, and the state concedes, this assignment of error has merit.
La. R.S. 15:501 governs whether a crimi-nalist report shall be admitted without testimony and provides as follows:
A. The party seeking to introduce a certificate made in accordance with R.S. 15:499 shall, not less than ten days prior to the commencement of trial, give written notice of intent to offer proof by certificate. Such notice shall include a copy of the certificate.
B. (1) The party against who such certificate is offered shall be permitted to subpoena on cross-examination, the person who performed the examination or analysis of the evidence. If the Insubpoena is requested at least five days prior to the commencement of trial or the person subpoenaed responds to the subpoena, the certificate shall not be prima facie proof of its contents or of proper custody.
(2) When the attorney for the defendant, or the defendant acting in his own defense, requests that a subpoena issue to the person who performed the examination or analysis, the request shall be in writing and contain a certification that the attorney or the defendant intends in good faith to conduct the cross-examination.
*911 The statute is clear and unambiguous. Under the statute, a certificate of a crimi-nalist may be received into evidence as prima facie proof of its contents if the party seeking to introduce the certificate gives ten days prior written notice of intent to offer proof by certificate, unless the party against whom such a certificate is offered requests a subpoena of the person who made the certificate at least five days prior to the commencement of trial. In the event such a subpoena is requested, the certificate “shall not” be prima facie proof of its contents.
In the case sub judice, the record evidences that the state timely provided notice of intent to use the criminalist report on 12 March 2008, pursuant to La. R.S. 15:499-501. The record further establishes that on 17 July 2008, five days prior to the trial scheduled for 22 July 2008, counsel for J.S. requested that a subpoena be served upon the criminalist to appear for the trial of this matter, and included a certification that defense counsel intended in good faith to conduct the cross-examination of the criminalist.[6]
At trial, the state offered the criminalist’s report into evidence. Defense counsel objected to its admission on the ground that J.S. had complied with the | mstatutory requirements to preserve his right to cross-examination of the criminalist by timely requesting the subpoena for the criminalist in accordance with La. R.S. 15:501 B(l). In overruling defense counsel’s objection, and admitting the criminalist report into evidence, the juvenile court indicated the record was devoid of a subpoena. The court further stated it was overruling the objection on the basis that it had established a cut-off date of 15 July 2008 for filing and since the purported subpoena was not requested until 17 July 2008, it was untimely.
Where no procedure is specifically prescribed by this Code or by statute, the court may proceed in a manner consistent with the spirit of the provisions of this Code and other applicable statutory and constitutional provisions.
La.C.Cr.P. art. 3.
Because La. R.S. 15:501 B(l) specifically prescribes a time period for filing a request for subpoena — five days prior to trial — pursuant to La.C.Cr.P. art. 3, we find the juvenile court was without authority to shorten defense counsel’s timeframe for filing in order to be timely. See State v. Eros Cinema, Inc., 262 La. 706, 719-720, 264 So.2d 615, 620 (La.1972). The appellate record, however, contains both the subpoena request filed by defense counsel on 17 July 2008, which includes a certification by defense counsel that he intended in good faith to cross-examine the criminalist, and the subpoena. Accordingly, under the express terms of the statute, the certificate was not admissible as prima facie proof of, its contents.[7]
*912 _J_yOnce the defendant subpoenas the person who made the certificate five days prior to trial, the state is made aware that the certificate will not be admissible into evidence in lieu of the testimony of the person who made the certificate. It is then incumbent upon the state to procure the attendance of the person who made the certificate for trial and to offer his or her testimony to establish the results of the examination as proof of an element of the offense charged. See Burroughs, 511 So.2d at 783. As the state conceded in its brief on appeal, once a defendant timely requests the subpoena — as the record reflects that J.S. did in the instant case — the certificate of analysis has no evidentiary value and it’s the state’s burden to call the relevant witness to prove the elements of the crime charged. Id. See also Cunningham, 04-2200, p. 17, 903 So.2d at 1121. Moreover, the defendant need not ask for a continuance when the subpoenaed witness fails to appear at trial. Id.
We find that the juvenile court erred in admitting into evidence the criminalist certificate as prima facie proof of its contents and proper custody. Accordingly, the adjudication of delinquency and sentence of J.S. must be set aside.[8] See Burroughs, 511 So.2d at 783.
For the reasons assigned, the conviction and sentence of J.S. are reversed and the case is remanded to the Juvenile Court for the Parish of Orleans for a new trial.

REVERSED AND REMANDED.

. Specifically, defense counsel argued that, according to the testimony of Officer Roy, at the time the stop became imminent, J.S. had not engaged in any suspicious or illegal activity that would render a stop constitutional.

. La. Const. Art. I, § 5 provides in part:
Section 5. Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search.

. A person is "seized” within the meaning of the Fourth Amendment and La. Const. Art. I, § 5 only when the law enforcement official, by means of physical force or show of authority, has in some way restrained the liberty of the citizen. State v. Sims, 426 So.2d 148, 152 (La.1983).

. "This inquiry is necessary for those situations wherein the police attempt to seize an individual but the individual neither submits to the police show of authority nor is physically contacted by the police. Under these circumstances, despite the absence of an 'actual stop’ as defined above, our constitution might still mandate a finding that the individual had been seized if an 'actual stop' of the individual was 'imminent.' ” Tucker, 626 So.2d at 712.

. Compare, State v. Zielman, 384 So.2d 359 (La.1980)(an actual stop was imminent and defendants had been seized when defendants' vehicle was suddenly surrounded by marked patrol cars with their lights flashing) and Chopin, supra (an actual stop was imminent when the police swung their car around into defendant's path and stopped within three or four feet of defendant) with Tucker, supra (no actual stop imminent and defendant not seized as of time of abandonment of evidence when two officers approached in police car stopping several feet from where defendant was standing on street corner and one officer sprang from car ordering defendant to halt and prone out, but rather than submit to show of police authority, defendant continued freely in his movements, discarding a bag containing contraband); State v. Jackson, 01-1062 (La.App. 4 Cir. 2/13/02), 812 So.2d 139 (no actual stop imminent where the officers merely approached a group of men, including the defendant, and the defendant walked away and threw something over a fence); State v. Duplessis, 391 So.2d 1116 (La.1980) (an actual stop was not imminent where police parked their car ten feet away from where defendant was standing and approached him on foot) and Ryan, supra (an actual stop not imminent where police officer sprang from police unit and approached defendant who was suspiciously concealing object in one hand); see also State v. Dobard, 01-2629 (La.6/21/02), 824 So.2d 1127 (the officer’s subjective intent to stop anyone in a bar was irrelevant because the defendant abandoned the drugs upon seeing the officers enter the bar and identified themselves).

. While the subpoena request and the actual subpoena misidentify the name of the defendant, both contain the proper case number for this proceeding.

. See State v. Cunningham, 04-2200, p. 17 (La.6/13/05), 903 So.2d 1110, 1121, wherein the Supreme Court held that a defendant merely has to subpoena the person who performed the examination or analysis of the evidence. If the defendant requests the subpoena at least five days prior to trial or if the person subpoenaed responds to the subpoena, the provisions of the statute provide that the certificate shall not be prima facie proof of its contents or proper custody. See also City of Shreveport v. Burroughs, 511 So.2d 782 (La.App. 2 Cir. 1987), wherein the conviction was set aside due to the trial court's error of admitting the criminalist certificate into evidence and accepting it as proof of its contents when defendant had subpoenaed the persons who made the certificate more than five days *912 prior to trial, but the witnesses failed to appear for trial.

. Due to our findings relative to J.S.'s second assignment of error, we pretermit discussion of this third assignment of error.