STATE OF LOUISIANA      *      NO. 2024-K-0782

VERSUS      *

     COURT OF APPEAL

PERNELL D. SMITH      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 551-281, SECTION "H"
Honorable Camille Buras, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

*__JENKINS, J., DISSENTS WITH REASONS__*

Jason R. Williams
District Attorney
Brad Scott
Chief of Appeals
Zachary M. Phillips
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/RELATOR


Addie Maguire
Orleans Public Defenders
2601 Tulane Avenue, Seventh Floor
New Orleans, LA 70119

     COUNSEL FOR DEFENDANT/RESPONDENT


                **WRIT GRANTED;**
                     **REVERSED**

                **JANUARY 15, 2025**

*JCL*

*KKH*

This is a criminal case. Relator, the State of Louisiana ("State"), seeks review of the district court's November 6, 2024 ruling granting the defendant's motion to suppress statement. For the reasons set forth below, we grant the State's writ and reverse the district court's ruling.

## FACTS AND PROCEDURAL HISTORY

On January 4, 2021, the defendant, Pernell Smith ("Defendant"), was charged by bill of information with one count of sexual battery, a violation of La. R.S. 14:43.1(C)(1), and one count of indecent behavior with a juvenile, a violation of La. R.S. 14:81(H)(1). Defendant appeared for arraignment on July 9, 2024 and entered a plea of not guilty.

On August 5, 2024, Defense counsel filed omnibus motions, including a motion to suppress statement, evidence, and identification and a motion for a preliminary examination. A motions hearing was conducted on November 6, 2024. The State called as its only witness New Orleans Police Department ("NOPD") Sergeant Corey Lymous, and the defense played a video recording of the police interview of Defendant.

1

Sergeant Lymous was the supervisor over NOPD's child abuse and sex crime units. He testified that in June 2020, NOPD responded to a sexual assault dispatch in the Seventh District. Because of the age of the victim, the child abuse unit was notified. Upon learning of the dispatch, Sergeant Lymous assigned Detective Kierra Moore to the case. Sergeant Lymous assisted with and supervised the investigation. Thereafter, Defendant was taken to the Seventh District station for an interview.

Defendant was interviewed by Detective Moore. Sergeant Lymous admitted that Defendant was in custody for purposes of the interview. Before the interview began, Detective Moore read Defendant his *Miranda* rights from a form and asked whether Defendant understood those rights. In response to being asked whether he understood his rights, Defendant immediately asked, "One question to that. You said I'm being asked any kind of questions. As of this moment, if I needed a lawyer, in this situation, would y'all be able to provide me with one if I can't afford one?" Detective Moore responded, "[w]e can't provide you with one at this moment. No." Defendant then stated, "[t]hat's what I was trying to figure out." Detective Moore then asked Defendant if he wished to make a statement. In response to Detective Moore's question, Defendant stated, "I'm going to talk, ma'am—but I have another question. Never mind, go ahead, I'm alright. I understand. I'm going to talk." Following this colloquy, Defendant signed a waiver form and proceeded with the interview.

At the conclusion of the hearing, the district court denied Defendant's motion to suppress evidence and found probable cause to substantiate the charges against Defendant. Further, the court granted Defendant's motion to suppress statement, finding that his *Miranda* rights were violated because he was not fully

advised of his *Miranda* rights and he was questioned by police after he invoked his right to counsel. The State subsequently filed its writ application, seeking review of the district court's ruling granting Defendant's motion to suppress statement.

**ASSIGNMENT OF ERROR**

As its only assignment of error, the State asserts that the district court abused its discretion in granting Defendant's motion to suppress statement.

**STANDARD OF REVIEW**

This Court set forth the standard to be applied by the reviewing court when the issue is the district court's granting or denial of a motion to suppress in *State v. Debose*, 24-0217, pp. 6-7 (La. App. 4 Cir. 6/13/24), 390 So.3d 971, 977:

> District courts have great discretion when ruling on motions to suppress, and an appellate court will not disturb a district court's ruling on a motion to suppress unless the district court abused its discretion. *State v. Willis*, [ ]22-0452, pp. 6-7 (La. App. 4 Cir. 9/1/22), 348 So.3d 167, 172 (quoting *State v. Polkey*, [ ]20-0482, p. 3 (La. App. 4 Cir. 11/25/20), 310 So.3d 605, 608). The reason the district court's decision "on a motion to suppress ... is entitled to great weight" is "because the [district] court has the opportunity to observe the witnesses and weigh the credibility of their testimony." *Id.* at p. 7, 348 So.3d at 172 (alteration in original) (quoting *State ex rel. J.S.*, [ ]08-1401, p. 4 (La. App. 4 Cir. 2/18/09), 6 So.3d 904, 908). As this Court has previously explained though, "a motion to suppress presents a mixed question of law and fact." *Id.* (citing *Polkey*, [ ]20-0482, p. 4, 310 So.3d at 608). Thus, the appellate court reviews the underlying facts for an abuse of discretion "but reviews conclusions to be drawn from those facts *de novo*." *Id.* When the facts are not disputed, however, then the appellate court need only "consider whether the trial court came to the proper legal determination under the undisputed facts." *Id.*

**DISCUSSION**

This Court is tasked with determining whether the district court erred in suppressing Defendant's statement due to a purported violation of *Miranda v.*

3

*Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Specifically, the issue revolves around whether Defendant was properly informed of his constitutional rights, and whether he knowingly and voluntarily waived those rights. After review, this Court finds that the district court erred in its conclusions. We grant the writ, reverse the district court's findings, and hold that Defendant's *Miranda* rights were properly conveyed and waived.

**The Sufficiency of the *Miranda* Warnings**

The State has the burden of proving that a defendant was adequately informed of his rights under *Miranda*. *State v. Sterling*, 441 So.2d 798, 799 (La. App. 4th Cir. 1983) (citing *State v. Harper*, 430 So.2d 627, 634 (La. 1983)). This includes the right to remain silent and the right to the presence of an attorney, either retained or appointed. *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1612.

In the case *sub judice*, it is undisputed that Detective Moore read the *Miranda* warnings verbatim from a form before questioning Defendant. The record reflects that Defendant was informed of his right to counsel and acknowledged that he understood those rights. The district court nonetheless found the warnings insufficient based on the detective's response to Defendant's question about the provision of counsel during questioning. Specifically, the detective stated, "We can't provide you with one at this moment." While this response might lack clarity, it does not misstate the law. Defendant was informed of his right to counsel, and the detective's statement did not explicitly deny him access to counsel or place a limitation on his rights. Courts have consistently held that warnings do not need to follow a specific script as long as they reasonably convey the essential rights guaranteed by *Miranda*. *See California v. Prysock*, 453 U.S. 355, 359-60, 101 S.Ct. 2806, 2809-10, 69 L.Ed.2d 696 (1981); *Duckworth v. Eagan*, 492 U.S. 195,

202-03, 109 S.Ct. 2875, 2880, 106 L.Ed.2d 166 (1989); *State v. King*, 19-01332, p. 3 (La. 4/3/20), 340 So.3d 754, 756. Moreover, the record shows that Defendant expressed his intent to continue speaking after the detective's response. His statement, "I'm alright. I understand. I'm going to talk," demonstrates that he understood his rights and chose to proceed voluntarily. Thus, the *Miranda* warnings given were sufficient.

**Defendant's Waiver of *Miranda* Rights**

For a waiver of *Miranda* rights to be valid, it must be both knowing and voluntary. *See Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 1140-41, 89 L.Ed.2d 410 (1986). This requires that the waiver be the product of a free and deliberate choice and that the defendant understand the nature of the rights being abandoned and the consequences of the waiver. *Id.* at 421, 106 S.Ct. at 1141. The evidence in this case supports a finding that Defendant's waiver was valid.

As to the voluntary nature of the waiver, the record contains no evidence of coercion, intimidation, or deception by law enforcement. The interrogation environment, as described by testimony and evidenced by the video recording of the interview, was calm, professional, and devoid of improper tactics. Defendant signed a waiver form and explicitly stated that he understood his rights and wished to proceed.

As to the knowing nature of the waiver, Defendant's question about the provision of counsel demonstrates an awareness of his rights, not a misunderstanding. The detective's response, while imperfect, did not negate or limit the rights conveyed during the initial *Miranda* warnings. Defendant's subsequent statements, including his decision to proceed, confirm that he knowingly waived his rights.

5

The district court's finding that Defendant did not knowingly waive his rights is inconsistent with the evidence. Defendant's acknowledgment of understanding his rights and his signed waiver form provide sufficient evidence of a valid waiver.

**Invocation of the Right to Counsel**

The district court also found that Defendant invoked his right to counsel when he asked whether an attorney would be provided during questioning. However, an invocation of the right to counsel must be clear and unambiguous. *See Davis v. United States*, 512 U.S. 452, 459, 114 S.Ct. 2350, 2355, 129 L.Ed.2d 362 (1994); *State v. Payne*, 01-3196, p. 12 (La. 12/4/02), 833 So.2d 927, 937. An ambiguous or equivocal reference to an attorney does not require law enforcement to cease questioning. *Id.*

Here, Defendant's question—"If I needed a lawyer, in this situation, would y'all be able to provide me with one if I can't afford one?"—does not constitute an unequivocal request for counsel. Instead, it reflects a request for clarification about his rights, which was appropriately addressed by the detective. Following the detective's response, Defendant explicitly stated his intention to proceed with the interview, further confirming that he did not invoke his right to counsel.

## CONCLUSION

The district court erred in finding that Defendant's *Miranda* rights were violated. The warnings provided by law enforcement were sufficient, and Defendant knowingly and voluntarily waived his rights. Additionally, Defendant did not unequivocally invoke his right to counsel. For these reasons, the writ is granted, and the district court's ruling suppressing Defendant's statements is

6

reversed. The case is remanded to the district court for further proceedings consistent with this opinion.

**WRIT GRANTED;**
**REVERSED**