| | | |
|---|---|---|
| STATE OF LOUISIANA | * | NO. 2025-K-0403 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| SERENA OLVARRIETA AND | * | |
| ALBERT MARTIN | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 561-452, SECTION "B"
Honorable Tracey Flemings-Davillier, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Paula
A. Brown)

JASON R. WILLIAMS
District Attorney
Parish of Orleans
BRAD SCOTT
Chief of Appeals
Parish of Orleans
PETER J. VESICH
Assistant District Attorney
Parish of Orleans
619 S. White St., New Orleans, LA 70119


      COUNSEL FOR RELATOR


John T. Fuller
Devin C. Jones
Jerome W. Matthews, Jr.
John T. Fuller & Associates, L.L.C.
909 Poydras St. - Ste 2270
New Orleans, LA 70112


      COUNSEL FOR RESPONDENT ALBERT MARTIN

Stephen M. Smith
1425 N Broad Street, Suite 201
New Orleans, LA 70119

COUNSEL FOR RESPONDENT SERENA OLVIARRETA

**WRIT GRANTED;
REVERSED**

**AUGUST 08, 2025**

Relator, State of Louisiana (the "State"), seeks supervisory review of the district court's May 8, 2025 judgment, which granted, in part, a motion to suppress physical evidence collected without a warrant, filed on behalf of Respondents, Serena Olvarrieta ("Olvarrieta") and Albert Martin ("Martin") (collectively "Defendants"). Ruling from the bench, the district court found that, although the traffic stop was constitutional, the subsequent seizure of Oxycodone found in a pill bottle was violative of the Fourth Amendment because probable cause did not exist to search the area where it was found. For the reasons that follow, we grant Relator's writ and reverse the district court's judgment suppressing the Oxycodone.

## FACTS AND PROCEDURAL HISTORY

On April 5, 2024, the State filed a bill of information against Defendants, charging them each with one count of possession with intent to distribute Oxycodone in violation of La. R.S. 40:967(B)(1)(a), and charging Martin individually with possession of a firearm by a previously convicted felon in violation of La. R.S. 14:95.1, and possession of a firearm while also possessing a

1

controlled dangerous substance in violation of La. R.S. 14:95(E). The pertinent facts leading to the arrest are as follows:

On November 14, 2023, New Orleans Police Department ("NOPD") Detective Jack Cockerham ("Det. Cockerham") was conducting surveillance through the NOPD's real time crime camera ("RTCC"). Through the RTCC, Det. Cockerham saw a black GMC pick-up truck involved in what he believed to be a drug transaction. He then witnessed the same vehicle commit two separate traffic violations by running two red lights. Det. Cockerham contacted a nearby patrol officer, Officer Cody O'Dell ("Off. O'Dell") and instructed him to conduct a traffic stop on the vehicle.

After stopping the vehicle, Off. O'Dell approached it and advised the driver to roll down all four windows of the vehicle. Immediately, a cloud of smoke emanated from the vehicle and there was a strong odor of marijuana. Off. O'Dell had the driver, Martin, and his passenger, Olvarrieta, step out the vehicle and advised them of the traffic violations and odor of marijuana. In plain view, Off. O'Dell observed a cigar containing marijuana on the passenger seat and a digital scale on the driver's side floorboard. A second NOPD officer, Officer Douglas Boudreaux ("Off. Boudreaux"), who was standing on the passenger side of the vehicle as Olvarrieta exited, observed a pill bottle with an obliterated label containing a variety of pills in the center console cupholder. Based on those observations, along with the smell of marijuana, the officers conducted a search of the vehicle. From this search the officers discovered: bullets in the driver's side door; a digital scale on the driver's side floorboard; a package of marijuana in the center console area; a package of marijuana in the pocket of the jacket laying on the passenger seat; $11,200.00 dollars in cash; a Taurus revolver pistol on the rear

2

floorboard; and a purse containing blister packs of Tapentadol pills. A third NOPD officer, Officer David DeSalvo, mirandized Defendants and they were arrested on the scene.

Defendants separately filed a motion to suppress physical evidence and statements, which came for a probable cause hearing on January 30, 2025. Both Offs. O'Dell and Boudreaux testified at the hearing. Following, the district court found that the State did not meet its burden of proof establishing probable cause for any of the evidence that was out of plain view. Specifically, the district court suppressed the Oxycodone found in the pill bottle, but admitted all other evidence. This timely-filed writ followed.

*APPLICABLE LAW*

"[A] district court has 'great discretion when ruling on a motion to suppress[,]' and the district court's ruling 'will not be disturbed absent an abuse of that discretion.'" *State v. Willis*, 22-0452, p. 6 (La. App. 4 Cir. 9/1/22), 348 So.3d 167, 172 (quoting *State v. Polkey*, 20-0482, p. 3 (La. App. 4 Cir. 11/25/20), 310 So.3d 605, 608) (second alteration in original). "A [district] court's ruling on a motion to suppress . . . is entitled to great weight, because the [district] court has the opportunity to observe the witnesses and weigh the credibility of their testimony." *Id*. 22-0452, p. 7, 348 So.3d at 172 (quoting *State ex rel. J.S.*, 08-1401, p. 4 (La. App. 4 Cir. 2/18/09), 6 So.3d 904, 908) (alterations in original). "However, a motion to suppress presents a mixed question of law and fact." *Id*. (citing *Polkey*, 20-0482, p. 4, 310 So.3d at 608). "Accordingly, an 'appellate court reviews the underlying facts [under] an abuse of discretion standard, but reviews conclusions to be drawn from those facts *de novo*.'" *Id*. "If the facts are not in

3

dispute, then an appellate court 'must consider whether the trial court came to the proper legal determination under the undisputed facts.'" *Id*. (citations omitted).

"For a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity occurred or is about to occur, before stopping the vehicle." *State v. Johnson*, 21-0239, p. 6 (La. App. 4 Cir. 2021), 334 So.3d 805, 809 (quoting *State v. Hunt*, 09-1589, pp. 8-9 (La. 12/1/09), 25 So.3d 746, 753. Once there is probable cause to search the vehicle, every part of the car can be searched "as thoroughly as a magistrate could authorize." *Id*. 21-0239, p. 15, 334 So.3d at 814. In *Johnson*, after conducting a lawful traffic stop, the officer smelled an odor of marijuana coming from the vehicle. 21-0239 (La. App. 4 Cir. 2021), 334 So.3d 805. The officer then searched the defendant's purse in which Tramadol pills were found. The defendant contended that the search of the purse was beyond the lawful scope and filed a motion to suppress evidence. This Court held that once the police officer smelled the odor of marijuana, he had probable cause to search every part of the vehicle as well as "its contents that might conceal evidence of illegal drug activity, including [the defendant's] purse." *Id*., 21-0239, p. 8, 334 So. 3d 805 at 810. The *Johnson* Court affirmed the denial of the defendant's motion to suppress evidence and found that the search was lawful. *Id*., 21-0239, p. 16, 334 So. 3d 815.

Similarly, this Court recently addressed a nearly analogous scenario in *State v. Torregano*, 24-0610 (La. App. 4 Cir. 12/17/24) 408 So.3d 231, which involved the lawfully initiated investigatory stop of a suspected stolen vehicle with five occupants. During that stop, the trooper smelled the strong odor of marijuana coming from the car. When the trooper smelled the strong odor of marijuana coming from the car and saw an AR-style rifle in plain view, he and other troopers

4

detained all occupants and began to search the car. The search included backpacks located in the car which were found to contain contraband. This Court held that the district court erred when it suppressed the contents of the backpacks because the troopers in *Torregano* had established probable cause to search the vehicle as thoroughly as if they had obtained a search warrant from a magistrate judge.

In the instant case, there is no dispute that Off. O'Dell legitimately stopped the vehicle occupied by Defendants for traffic violations. When Martin complied with Officer O'Dell's directions to roll down the windows, a cloud of smoke emanated from the driver's side window. A review of the bodycam footage reflects that after officers removed Defendants from the vehicle and administered *Miranda* warnings, they inquired about the contents of the pill bottle, and Martin admitted that it contained Oxycodone and Amoxicillin. The officers then conducted a search of the vehicle, including the contents of the pill bottle. Applying this Court's reasoning in *Johnson* and *Torregano* to the facts of the case before us, we conclude the search was lawful and that the district court erred when it granted the motion to suppress the Oxycodone.

## DECREE

Accordingly, for the reasons set forth above, Relator's writ is granted and the district court's judgment suppressing of the Oxycodone is reversed.

**WRIT GRANTED;
JUDGMENT REVERSED**